UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

**FILED**
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

MAY 0 2 2011  ★

BROOKLYN OFFICE

EBONY HALL )
    Plaintiff )
     )
     )
    vs. )
     )
ADMIN RECOVERY, LLC )
     )
    Defendant )
     )

ECF CASE

CV Case No. CV 11 - 2149

CIVIL COMPLAINT

JURY TRIAL DEMANDED

AMON, CH.J.

## COMPLAINT AND JURY DEMAND  POLLAK, M.

**COMES NOW**, Plaintiff, Ebony Hall, by and through her undersigned counsel, Bruce Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.    Plaintiff, Ebony Hall, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business and maintains a primary location in this District.

## III.  PARTIES

4.      Plaintiff, Ebony Hall, is an adult natural person residing in New York, New York 10150-0794.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Admin Recovery, LLC, ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the state of New York with its principal place of business located at 5930 Main Street, Williamsville, NY 14221.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      On or about January 24, 2011, Plaintiff received a call from Defendant's agent, "Jeremy", to her place of employment demanding payment on an alleged debt owed to The Pet Company.

8.      Plaintiff was informed that she owed $1,247.28 to the Defendant from her purchase of a pet approximately four (4) years ago.

9.      During the first call, Plaintiff informed the Defendant that she had retained the services of personal legal counsel to help aid her in her debt settlement negotiations and asked Defendant to call her attorney directly in this matter.

10.    Defendant's agent, "Jeremy", told the Plaintiff that it did not matter if she had an attorney because Defendant was collecting on a "secured debt" and there was nothing an attorney could do for her.

11.    Defendant's agent, "Jeremy", went on to tell the Plaintiff that she was in possession of his "delinquent property", and that he wanted her home address so that the Defendant could come and pick it up.

12.    On or about January 25, 2011, despite being told not to call her at work, Defendant's agent, "Jeremy", called the Plaintiff again looking for payment.

13.    On or about January 26, 2011, Defendant's agent, "Jeremy", called the Plaintiff again on this account.

14.    Plaintiff hung-up on the Defendant.

15.    Defendant continued to call the Plaintiff on her personal cell phone and to her place of employment.

16.    Plaintiff offered the Defendant the contact information for her attorney each time she received another call.

17.    On or about January 28, 2011, Defendant's agent, "Tina", called the Plaintiffs place of employment and left a message to return Defendant's call with Plaintiff's manager.

18.    On or about January, 31, 2011, Plaintiff received another call from Defendant's agent, "Tina", who demanded that the Plaintiff handle this problem immediately.

19.    Plaintiff asked Defendant's agent, "Tina", to please call and speak with her attorney.

20.    Defendant's agent, "Tina", told the Plaintiff that she was not working with real attorneys and that the Defendant would never work with them.

21.    Plaintiff was told by Defendant's agent, "Tina", that she needed to just pay the debt, because Defendant really did not want to have to come to Plaintiff's home and pick up her pet.

22.    As of the filing of this complaint, Plaintiff continues to receive calls from the Defendant and their agents collecting on this account.

23.    Plaintiff has never received anything in writing from the Defendant validating the above referenced debt.

24.    On or about February 10, 2011, Plaintiff received both a call to her cell phone as well as her place of employment from the Defendant looking for payment on this account.

25.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

26.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

27.    The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

28.    The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

33.     The above paragraphs are hereby incorporated herein by reference.

34.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time and place known to be inconvenient |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of debt will result in seizure, garnishment or attachment |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(6) | Taken or unlawfully threaten to repossess or disable the consumer's property |

§§ 1692g                  Failure to send consumer 30-day validation notice

within five (5) days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, Admin Recovery, LLC, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

36.      Plaintiff hereby restates realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this count.

37.      Under New York General Business Law §349, deceptive acts or practices

in the conduct of any business conducted in the State of New York are unlawful.

38.      GBL §349 provides in relevant part as follows:

(a)      Deceptive acts or practices in the conduct of any business, trade or

commerce or in the furnishings of any service in this state are

hereby declared unlawful

(g)      This section shall apply to all deceptive acts or practices declared

to be unlawful, whether or not subject to any other law of this

state, and shall not supersede, amend or repeal any other law of

this state under which the attorney general is authorized to take any

action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general

pursuant to this section, any person who has been injured by reason

of any violation of this section may bring an action in her own

name to enjoin such unlawful act or practice, an action to recover

her actual damages or fifty dollars whichever is greater, or both

such actions. The court may, in discretion, increase the award of

damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the

Defendant willfully or knowingly violated this section. The court

may award reasonable attorney's fees to a prevailing Plaintiff.

39.     As a direct and proximate result of Defendant's deceptive acts and

practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the

Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their

favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

40.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

41.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

42.     GBL §601 provides in relevant part as follows:

(a)     Threaten any action which the principal creditor in the usual course of his business does not in fact take; or

(b)     Claim, or attempt to threaten to enforce a right with knowledge or reason that the right does not exist

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  **April 15, 2011**              BY: _____

Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff